**ALD-141**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3613
_____

DERRICK N. BRAGG,
Appellant

v.

DR. PUSHKALAI PILLAI, Psychiatrist, SCI Greene; ROBERT GILMORE,
Superintendent, SCI Greene; TRACY SHAWLEY, Grievance Coordinator, SCI Greene;
KERRI MOORE, Chief Grievance Coordinator, Department of Corrections
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-00581)
Magistrate Judge:  Honorable Lisa P. Lenihan (by consent)
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 8, 2020

Before: MCKEE, GREENAWAY, JR., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 25, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Derrick Bragg, an inmate proceeding pro se and in forma pauperis, appeals from an order by the United States District Court for the Western District of Pennsylvania dismissing his complaint for failure to state a claim. For the reasons that follow, we will summarily affirm.

I.

Because we write primarily for the benefit of the parties, we recite only the relevant facts and procedural history. Bragg is a Pennsylvania state prisoner who was housed at State Correctional Institute Greene ("SCI-Greene"). In May 2020, Bragg filed a complaint under 42 U.S.C. § 1983 alleging Eighth Amendment violations against defendants regarding his mental health care, as well as a related retaliation claim. Braggs receives medication to treat schizophrenia. He alleged that the medication causes him anxiety and that defendant Pelai refused to adjust the timing of his medication, impeding his ability to participate in daily programs. Braggs further alleged that defendants Gilmore, Shawley, Moore (the "DOC Defendants") interfered with his mental health treatment through their improper handling of grievances he filed against defendant Pelai. Braggs seeks damages and injunctive relief.

DOC defendants and defendant Pelai both filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Bragg filed objections in

2

opposition to the motions. The District Court[1] granted defendants' motions because Bragg had not adequately alleged the DOC defendants' personal responsibility, and had failed to state a claim of deliberate indifference to his medical condition, and had not met the standard for a valid retaliation claim. The court declined to provide Bragg an opportunity to amend his complaint, concluding that amendment would be futile. Bragg timely filed his notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's grant of a motion to dismiss under Rule 12(b)(6) de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and because Bragg is proceeding pro se, we construe his complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1] A Magistrate Judge, proceeding by consent of the parties.

## III

We agree with the District Court's assessment that Bragg's complaint was insufficient to state a civil rights action against defendants. As the District Court explained, Bragg has not sufficiently alleged that the DOC defendants were personally involved in the decisions concerning the timing of his medical treatment. See Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) ("To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States."); Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (civil rights complaint must allege facts identifying the "conduct, time, place, and persons responsible"); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (plaintiff cannot rely solely on respondeat superior as a theory of liability).

As the District Court also concluded, Bragg's allegations about inadequate medical care do not amount to a violation of the Eighth Amendment. To succeed on such a claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quotations omitted). Prison officials can "act deliberately indifferent to a prisoner's serious medical needs by 'intentionally denying or delaying access to medical care or interfering with the treatment once prescribed.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97, 104–05 (1976)). However, "mere disagreement as to the

4

proper medical treatment" is insufficient to support an Eighth Amendment claim.

Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). When

medical care is provided, we "presume[s] that the treatment of a prisoner is proper absent

evidence that it violates professional standards of care." Pearson, 850 F.3d at 535 (citing

Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) ("[I]t is well

established that as long as a physician exercises professional judgment his behavior will

not violate a prisoner's constitutional rights.")). Accordingly, we agree with the District

Court's determination that a dispute about the timing of Bragg's medical care was

insufficient to amount to "deliberate indifference." See Lanzaro, 834 F.2d at 346.[2]

Because the appeal does not present a substantial question, we will summarily

affirm the judgment of the District Court.[3]

---

[2] We also agree with the District Court that Bragg failed to make out allegations based on: 1) violations of Section 504 of the Rehabilitation Act or Title II of the Americans with Disabilities Act, or 2) retaliation for the filing of a grievance. Accordingly, the District Court did not err in declining to provide an opportunity to amend the complaint.

[3] Appellant's motion to appoint counsel is denied. Additionally, Bragg appears to raise new issues concerning his conditions of confinement in his motion to appoint counsel. Because these issues were not raised in the district court, we will not consider them on appeal. See, e.g., Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule ... that a federal appellate court does not consider an issue not passed on below.").